Justice Ginsburg,
concurring in part and dissenting in part.
I agree with the Court that Assistant Principal Wilson’s subjection of 13-year-old Savana Redding to a humiliating stripdown search violated the Fourth Amendment. But I also agree with Justice Stevens, ante, at 379-380 and this page (opinion concurring in part and dissenting in part), that our opinion in New Jersey v. T. L. O., 469 U. S. 325 (1985), “clearly established” the law governing this ease.
Fellow student Marissa Glines, caught with pills in her pocket, accused Redding of supplying them. App. 13a. Asked where the blue pill among several white pills in Glines’s pocket came from, Glines answered: “I guess it slipped in when she gave me the IBU 400s.” Ibid. Asked next “who is sheV’, Glines responded: “Savana Redding.” Ibid. As the Court observes, ante, at 372, 376, no followup questions were asked. Wilson did not test Glines’s accusation for veracity by asking Glines when did Redding give her the pills, where, for what purpose. Any reasonable search for the pills would have ended when inspection of Redding’s backpack and jacket pockets yielded nothing. Wilson had no cause to suspect, based on prior experience at the school or clues in this case, that Redding had hidden pills — containing the equivalent of two Advils or one Aleve — in her underwear or body. To make matters worse, Wilson did not release Redding, to return to class or to go home, after the *382 search. Instead, he made her sit on a chair outside his office for over two hours. At no point did he attempt to call her parent. Abuse of authority of that order should not be shielded by official immunity.
In contrast to T. L. O., where a teacher discovered a student smoking in the lavatory, and where the search was confined to the student’s purse, the search of Redding involved her body and rested on the bare accusation of another student whose reliability the Assistant Principal had no reason to trust. The Court’s opinion in T. L. O. plainly stated the controlling Fourth Amendment law: A search ordered by a school official, even if “justified at its inception,” crosses the constitutional boundary if it becomes “excessively intrusive in light of the age and sex of the student and the nature of the infraction.” 469 U. S., at 342 (internal quotation marks omitted).
Here, “the nature of the [supposed] infraction,” the slim basis for suspecting Savana Redding, and her “age and sex,” ibid., establish beyond doubt that Assistant Principal Wilson’s order cannot be reconciled with this Court’s opinion in T. L. O. Wilson’s treatment of Redding was abusive, and it was not reasonable for him to believe that the law permitted it. I join Justice Stevens in dissenting from the Court’s acceptance of Wilson’s qualified immunity plea, and would affirm the Court of Appeals’ judgment in all respects.